UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
AT GREENBELT

In Re:  Donald Patrick Quarles            Case No. 19-17492-WIL
        aka Donald P Quarles             Chapter 13

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Donald Patrick Quarles aka Donald P
Quarles aka Donald Quarles,
      Debtor
vs.

U.S. Bank Trust National Association as
Trustee of Cabana Series III Trust,
Movant (SN Servicing Corporation),
Servicer
      Respondent/Creditor

**RESPONSE TO DEBTOR'S AMENDED OBJECTION TO PROOF OF CLAIM**

       Comes now, U.S. Bank Trust National Association as Trustee of Cabana Series III Trust, Respondent (SN Servicing Corporation), Servicer (hereinafter referred to as the "Creditor"), by Kevin Feig, Esq., its attorney and respectfully files this Response to Debtor's Amended Objection to Proof of Claim, filed at Doc. No. 48, (the "Objection") and represents as follows:

       1.      Creditor denies the averments contained in Paragraph 1 of the Objection. Debtor filed the instant case on June 3, 2019.

       2.      Creditor admits the averments contained in Paragraph 2 of the Objection.

       3.      Creditor denies the averments contained in Paragraph 3 of the Objection. Creditor acknowledges that a Transfer of Claim was filed in bankruptcy case 17-15211 on February 14, 2019.

       4.      Creditor admits that a Transfer of Claim was filed in bankruptcy case 17-15211 on February 14, 2019. Creditor denies the remaining averments contained in Paragraph 4 of the Objection.  By way of further response, Creditor assets the "Amount of Claim" listed in the Transfer of Claim (Official Bankruptcy Form B 2100A) totaled $557,885.14 and did not reflect the principal balance. Creditor asserts that the Transfer of Claim form was completed in accordance with the Official Instructions for completing Official Bankruptcy Form B 2100A such that it reflects the total amount of the claim in the Proof of Claim, Claim 5-1 (filed in bankruptcy case 17-15211).

       5.      Creditor admits that a Proof of Claim was filed in the present bankruptcy case on August 12, 2019 (Claim 2-1).  Creditor denies the remaining averments contained in Paragraph 5

19-600509

of the Objection. By way of further response, Creditor asserts the Principal Balance due in the Total Debt Calculation totals $362,219.93.

6. As Creditor does not know what documents the Debtor is referring to when he asserts "Based servicer's statements" $0 has been applied to principal, Creditor denies the averments contained in Paragraph 6 of the Objection. By way of further response, Creditor asserts that among other things, the Note (See Proof of Claim 2-1, pages 41- 46) and the Loan Modification (see Proof of Claim 2-1, pages 39 - 40) contain interest only payment provisions such that a lack of reduction to principal (especially in light of eight plus year default at the time of filing) is appropriate.

**By way of further response, Creditor states:**

7. Debtor, in his Objection, does not dispute the default as listed in the Proof Claim (Claim 2-1), nor does Debtor allege that there have been payments submitted, that have not been credited.

8. For good cause, on November 7, 2019 this Court entered an Order Terminating Automatic Stay and Imposing an Equitable Servitude for a Period of Two (2) Years (Doc. 55) related to the property located at, 10011 Welshire Drive, Upper Marlboro, Maryland 20772-6202 (the Property). The Debtor has asserted no factual basis, in his multiple motions requesting a rehearing that would warrant this Court vacating its Order.

9. Creditor is in the process of initiating foreclosure proceedings and does not wish to participate, and will actively object to, any chapter 13 plan of reorganization that attempts to cure the default.

10. The Debtor's bankruptcy schedules show that the Debtor has no prospect of successfully completing a chapter 13 plan of reorganization. His schedules reflect no disposable income after expenses, and in fact show a monthly budget deficit of $2,803.60 (See Schedules I and J at Doc. 15).

11. The Debtor is continuing to use the bankruptcy process to delay and frustrate Creditor's from pursing its state court rights to foreclose on the Property.

WHEREFORE, Creditor prays this Honorable Court:

1. Overrule Debtor's Objection to Proof of Claim; and

2. Grant such other and further relief as the Court deems appropriate.

*/s/ Kevin Feig, Esq. (kf)*
Kevin Feig, Esq.
Attorney for Movant
Bar No. 15202
McCabe, Weisberg & Conway, LLC
312 Marshall Avenue, Suite 800

19-600509

Laurel, MD 20707<br>
301-490-1196<br>
bankruptcymd@mwc-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of November, 2019 I reviewed the Court's CM/ECF system and it reports that an electronic copy of the foregoing pleading will be served electronically by the Court's CM/ECF system on the following:

Rebecca A. Herr
185 Admiral Cochrane Dr.
Suite 240
Annapolis, Maryland  21401
ecf@ch13md.com

Charles Theodore Tucker, Jr.
Tucker Law Group LLP
8181 Professional Place
Hyattsville, MD 20785
charles@tuckerlawgroupllp.com


I hereby further certify that on the 25th day of November, 2019, a copy of the foregoing pleading was also mailed first class mail, postage prepaid to:

Donald Patrick Quarles
10011 Welshire Drive
Upper Marlboro, Maryland  20772
(Via U.S Mail)

Michelle Quarles
10011 Welshire Dr
Upper Marlboro, Maryland  20772-6202
(Via U.S. Mail)

<i>/s/ Kevin Feig, Esq.</i><br>
Kevin Feig, Esq.

19-600509